**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

KELLY LYLES,

    Plaintiff,

v.                                    Case No: 1:22-cv-23184-WPD

AMERICAN ZURICH INSURANCE
COMPANY,

    Defendant.
_____/

**MOTION TO DISMISS COMPLAINT AND**
**INCORPORATED MEMORANDUM OF LAW**

Defendant, American Zurich Insurance Company ("American Zurich"), through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Motion to Dismiss Complaint and Incorporated Memorandum of Law.  As explained below, plaintiff, Kelly Lyles ("Lyles"), made several, glaring, material misrepresentations in her application for a Builders Risk insurance policy with American Zurich.  Relying upon the misrepresentations made by Lyles, American Zurich issued the insurance policy for a certain premium and pursuant to a certain set of available coverages.  But, had American Zurich known the truth of the information contained within Lyles' policy application, the insurance policy either would not have been issued at all or, at minimum, would have been issued in exchange for a premium amount of three to five times higher than the amounts charged to Lyles.  In this regard, there can be no reasonable dispute that Lyles breached her obligation of truthfulness and candor in completing the policy application.  And since Lyles' misrepresentations are material in nature, the policy must be considered void *ab initio*.  Accordingly, the Complaint for Breach of Contract [D.E. 1-2, pp. 7-65] (the "Complaint") fails to state a cause of action upon which relief can be granted and must be dismissed with prejudice.

**FACTUAL BACKGROUND AND PROCEDURAL POSTURE**

This is a first-party insurance coverage dispute where plaintiff, Lyles, is seeking to recover insurance proceeds for alleged loss and/or damage resulting from Tropical Storm Eta to her property located at 10395 NE 12th Avenue, Miami Shores, Florida 33138 (the "Insured Premises") under a Builders Risk insurance policy (the "Policy") issued by American Zurich. A copy of the Policy is attached as Exhibit "A" to the Complaint [D.E. 1-2, pp. 11-60].

**I.   THE APPLICATION FOR THE POLICY**

Prior to issuance of the Policy, there was an application and underwriting period. Specifically, on August 28, 2020, Lyles executed a Builders Risk New Business Application for builders risk insurance coverage for the Insured Premises. *See* Affidavit of Rachele Holden, attached hereto as Exhibit "A," ¶ 7.[1] According to Lyles' response to the first-question in the Policy application, the Insured Premises is identified as "new construction of a single family dwelling with a total completed value of $500,000 or less." *See id.*, ¶ 8. Lyles' response to the third question of the application further states that the Insured Premises is ***not*** "more than 30% complete." *See id.* The application was co-signed by Lyles' insurance broker, Alexander Cull, of

---

[1] The affidavit of Ms. Holden, as the underwriter of the insurance policy at issue in this action, may properly be considered by this Court on a motion to dismiss. In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged. *Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir.2005); *see also Maxcess, Inc. v. Lucent Technologies, Inc.,* 433 F.3d 1337, 1340 (11th Cir.2005) ("a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity."); *Mims v. Old Line Life Ins. Co. of Am.*, 46 F. Supp. 2d 1251, 1261 (M.D. Fla. 1999) (a court may consider the affidavit of the insurance policy's underwriter when evaluating whether the policy is void ab initio under Fla. Stat. § 627.409). As explained below, the affidavit is unequivocally central to Lyles' claim. Furthermore, Lyles cannot, in good faith, possibly dispute the substance of Ms. Holden's affidavit with competent evidence.

Brightway Insurance, Inc. on August 28, 2020. *See id.*, ¶ 9. The completed and signed application was subsequently submitted to US Assure Insurance Services of Florida, Inc. ("US Assure"), the underwriting agent on behalf of American Zurich with respect to the Policy. *See id.*, ¶¶ 3, 9. American Zurich relied upon the information contained within Lyles' application, including her misrepresentations, in deciding to issue the Policy as a "new construction" Builders Risk insurance policy and in calculating the premium at $2,183.

## II. THE CLAIM AND AMERICAN ZURICH'S INVESTIGATION

On or about December 10, 2021, Lyles submitted a claim under the Policy to American Zurich for alleged loss and/or damage to the Insured Premises resulting from Tropical Storm Eta. American Zurich conducted a detailed investigation of the claim, subject to a full reservation of rights. *See* American Zurich's position letter attached as Exhibit "B" to the Complaint [D.E. 1-2, pp. 61-65]. During the course of American Zurich's investigation of the claim, it became apparent that the Insured Premises was not "new construction" as of the inception date of the Policy. *See id.*, p. 62.

On April 14, 2022, Lyles agreed to submit to a recorded statement with respect to her claim under the Policy. The statement was taken in the presence of her counsel in this action, Carlos Santi., Esq., and was administered by Mark Charriez, an investigator on behalf of American Zurich. Attached hereto as Exhibit "B" is a true and correct copy of the transcript of the April 14, 2022 recorded statement.[2] During the interview, Lyles conceded that the Insured Premises was ***not*** a new construction property, but rather, ***a pre-existing structure***. *See* Recorded Statement, p. 11, lns. 2-3 ("In [sic] your house, obviously, is pre-existing. … Yes. Pre-existing.").

---

[2] The Court may also consider the recorded statement of Lyles because it is central to her claim and undisputed, as it is her own testimony. *See Day v. Taylor,* 400 F.3d at 1276.

At the conclusion of its investigation, American Zurich ultimately denied coverage for the claim. In relevant part, American Zurich explained that there was no coverage available under the Policy for the claim because the Insured Premises is ***not*** a new construction property, as required under the Policy's insuring agreement. *See* position letter [D.E. 1-2, pp. 62, 65].

### III.   THE COVERAGE ACTION

On August 8, 2022, Lyles commenced this action by filing her Complaint in the Eleventh Judicial Circuit, Miami-Dade County, Florida. American Zurich was served with a summons and a copy of the Complaint on September 1, 2022. *See* Notice of Removal [D.E. 1-2, p. 3]. The Complaint consists of a single count for breach of contract. American Zurich timely removed the action to this Court by filing its Notice of Removal [D.E. 1] on September 30, 2022. Thereafter, on October 4, 2022, the Court entered an Order [D.E. 5] granting American Zurich an extension of time, up to and including October 28, 2022, to file its response to the Complaint.

## LEGAL STANDARD FOR EVALUATING A MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, the complaint "must ... contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

## ARGUMENT

**I.   MATERIAL MISREPRESENTATIONS IN POLICY APPLICATIONS VOID THE CONTRACT *AB INITIO***

The voiding of an insurance policy is governed by Fla. Stat. § 627.409, which provides, in relevant part:

> (1) [A] misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the [insurance] contract or policy only if any of the following apply:
>
> (a)   The misrepresentation, omission, concealment, or statement is fraudulent or is material to the acceptance of the risk or to the hazard assumed by the insurer.
>
> (b)   If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in loss.

Fla. Stat. § 627.409(1); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Sahlen*, 999 F.3d 1532, 1536 (11th Cir. 1993) ("Misrepresentations and incorrect statements in a policy application bar recovery under the policy where, *inter alia*, they are material to the risk assumed by the insurer or the insurer would not have offered the same terms had it known the truth.") (citing substantively similar prior version of Fla. Stat. § 627.409). Thus, to void an insurance policy under § 627.409(1)(a) or (b), the applicant must have made a misrepresentation or incorrect statement of fact in the application, and the misrepresentation must have been material to the acceptance of the risk assumed by the insurer. *See Mt. Hawley Ins. Co. v. Deakin*, No. 18-21013-CIV, 2019 WL 4731941, at *3 (S.D. Fla. Aug. 21, 2019). As long as the misstatement satisfies subsections (a) or (b) of the statute, it is sufficient to void the policy. *See, e.g., Darwin Nat'l Assur. Co. v. Brinson*

5

*& Brinson,* No. 6:11-cv-1388-Orl-36-DAB, 2013 WL 2406154, at *6 (M.D. Fla. June 3, 2013) ("[T]he statute makes plain that subsections (a) and (b) are written in the disjunctive.").

There are two different definitions of materiality under § 627.409. Under subsection 1(a), materially refers to "any fact of such moment that it would put a careful insurer on inquiry, which in turn might uncover facts that would lead to a rejection of the application." *Zurich Am. Ins. Co. v. Ednic Trading Corp.*, No. 13-62229-CIV, 2014 WL 11706423, at *3 (S.D. Fla. Sept. 8, 2014) (quoting *Singer v. Nationwide Mut. Fire Ins. Co. v. Denton*, 512 So.2d 1125, 1129 (Fla. 4th DCA 1987)). In other words, a misrepresentation is material under subsection (1)(a) if it does not allow the insurer to adequately gauge the risk before deciding to assume it. *Id.* Accordingly, the objectively material standard presents a question of law for the court to decide. *Singer*, 512 So. 2d at 1128.

Section 627.409(1)(b) applies a subjective standard, which focuses on whether the particular insurer would have issued the policy, or whether it would have issued it on different terms, had it known the true facts. *Id.* at 1128. The "subjectively material" standard can be satisfied by the affidavit of the insurer's underwriter. *See Mims v. Old Line Life Ins. Co. of Am.*, 46 F. Supp. 2d 1251, 1261 (M.D. Fla. 1999).

## II. THE POLICY APPLICATION CONTAINS MULTIPLE MISREPRESENTATIONS

As noted above, there can be no reasonable dispute that the application for the Policy completed by Lyles is plagued by, at least, two misrepresentations. Specifically, according to Lyles' response to the first-question in the Policy application, the Insured Premises is identified as "new construction of a single family dwelling with a total completed value of $500,000 or less." *See* Holden Affidavit, ¶ 7. Lyles's response to the third question of the application states that the Insured Premises is not "more than 30% complete." *See id.* Both of these responses are false.

American Zurich's investigation of the claim confirmed that the Insured Premises was not "new construction" as of the inception date of the Policy, but rather, was a pre-existing structure. *See* position letter [D.E. 1-2, pp. 62]. Lyles, herself, further confirmed this point through her recorded statement during American Zurich's claim investigation. *See* Recorded Statement, p. 11, lns. 2-3 ("In [sic] your house, obviously, is pre-existing. … Yes. Pre-existing."). Indeed, Lyles went a step further by testifying that "never in my wildest dreams, that was never, ever my intention on tearing down **my existing home** and building a new home." *See id.*, p. 15, lns. 4-5 (emphasis added). Moreover, aerial imagery from the Miami-Dade Property Appraiser's website further confirms that the Insured Premises was an existing structure as of the date of the Policy application. Attached hereto as Exhibit "C" is a photograph dated January 7, 2020 from the Miami-Dade Property Appraiser's website confirming that the Insured Premises was fully erected and in existence within 8 months prior to the date of Lyles' application.

In short, there can be no reasonable dispute that the information contained within Lyles' application is inaccurate, at best, or plagued by misrepresentations, at worst.

### III.   THE MISREPRESENTATIONS IN THE POLICY APPLICATION ARE MATERIAL

Having established that Lyles submitted an application for the Policy that contained inaccurate statements or misrepresentations, the only remaining question for the Court is whether those inaccuracies or misrepresentations are material. As explained below, the answer to that question is yes, they are material.

Misrepresentations and incorrect statements in a policy application bar recovery under the policy where, *inter alia*, they are material to the risk assumed by the insurer or the insurer would not have offered the same terms had it known the truth. *Sahlen*, 999 F.3d at 1536. As long as the misstatement in the policy application satisfies subsections (a) **or** (b) of Fla. Stat. § 627.409, it is

sufficient to void the policy. *See Deakin*, 2019 WL 4731941, at *3; *Darwin Nat'l,* 2013 WL 2406154, at *6.

Significantly, Fla. Stat. § 627.409 "does not require the insurer to prove that the misrepresentation was made knowingly or with intent to defraud; even an innocent misrepresentation by the insured can bar recovery." *Bays v. Globe Life & Accident Ins. Co.*, No. 14-CV-62908-WPD, 2016 WL 2727129, at *4 (S.D. Fla. Apr. 8, 2016); *see also* Sahlen, 999 F.2d at 1536 ("The statute contains no knowledge or intent element; unintentional or unknowing misstatements bar recovery under a policy if they alter the risk or the likelihood of coverage."); *Life Ins. Co. of Virginia v. Shifflet*, 201 So. 2d 715, 719 (Fla.1967) ("We hold misrepresentations in an application for insurance, material to the acceptance of the risk, do not have to be made with knowledge of the incorrectness and untruth to vitiate the policy."); *Mims*, 46 F. Supp. 2d at 1255 ("Under the statute, an insurer is not required to prove that any misrepresentation was made intentionally or knowingly.").

Turning again to the undisputed facts at bar, it is patently obvious that Lyles' misrepresentations in the Policy application are material. This is unequivocally confirmed by the affirmations of the Rachele Holden, Senior Vice President of American Zurich's underwriting agency, US Assure. As clearly articulated in Ms. Holden's affidavit, if Lyles disclosed the fact that the Insured Premises was not a new construction property, then she would have been required to provide several more pages of information in connection with the application for the Policy. *See* Holden Affidavit, ¶ 13. And, depending on Lyles' responses to those additional questions, it is possible that the Policy may not have been issued at all. *See id.* At minimum, even if the Policy was still issued, the premium charged for the Policy would have necessarily been three to five

times higher than what was charged to Lyles in connection with the application containing the two misrepresentations discussed above. *See id*.

The testimony of Ms. Holden is undisputed and, similarly, cannot be contested by Lyles. That is because neither Lyles nor any of her representatives have any decision-making power with respect to whether American Zurich's insurance policies are issued based upon information contained within policy applications or the terms and premium for those policies. Those decisions rest squarely within the purview of US Assure. And pursuant to Ms. Holden's unequivocal affirmation, had Lyles not misrepresented facts concerning the description of the Insured Premises in her Policy application, the Policy either would not have been issued at all or, alternatively, would have been issued under different terms. In either scenario, Subsections (a) and (b) of Fla. Stat. § 627.409 are implicated and confirm the materiality of the misrepresentations. *See Benitez v. Universal Prop. & Cas. Ins. Co.*, No. 4D21-3281, 2022 WL 6827428 (Fla. 4th DCA Oct. 12, 2022) (insured's failure to disclose prior losses at the insured premises in policy application was sufficient basis for policy to be rendered void *ab initio*).

## **CONCLUSION**

For the reasons discussed above, there can be no reasonable dispute that Lyles has failed to present this Court with a viable cause of action upon which relief can be granted. Specifically, Lyles submitted an application for the Policy that was based, at least in part, on two, patent misrepresentations concerning the physical status of the Insured Premises. American Zurich detrimentally relied upon those misrepresentations by issuing the Policy. Upon discovery of the misrepresentations, American Zurich promptly brought them to Lyles' attention and ultimately relied upon the misrepresentations as one of several reasons for denying the claim. As confirmed by the affirmations of Ms. Holden, had American Zurich been provided with the correct and

truthful information about the Insured Premises, it either may not have issued the Policy in the first instance or, alternatively, would have issued it for substantially higher premium amounts. These are telltale signs of materiality. On this basis, pursuant to Fla. Stat. § 627.409 and the additional authorities referenced above, there can be no reasonable dispute that the Policy must be deemed void *ab initio*. And, in the absence of a valid Policy, American Zurich could not possibly have breached the Policy, thus rendering the entirety of the Complaint invalid. There is also no corrective action that Lyles could take at this point to remedy her misrepresentations.

**WHEREFORE**, defendant, American Zurich Insurance Company, respectfully requests that the Court grant this Motion to Dismiss Complaint and Incorporated Memorandum of Law in all respects, dismiss the Complaint with prejudice, and award all costs and disbursements incurred by American Zurich in this action.

Dated: October 26, 2022

                                                 Respectfully submitted,

                                                 ZELLE LLP

                                      By:   s/ Jason M. Chodos
                                                    Jason M. Chodos, Esq. (FL Bar No. 025823)
                                                    jchodos@zellelaw.com
                                                    Christian A. Triay, Esq. (FL Bar No. 1018235)
                                                    ctriay@zellelaw.com
                                                    SunTrust International Center
                                                    One Southeast Third Avenue, Suite 1600
                                                    Miami, Florida 33131
                                                    Tel.: (786) 693-2351
                                                    Fax: (612) 336-9100
                                                    *Attorneys for Defendant,*
                                                    *American Zurich Insurance Company*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

KELLY LYLES,

    Plaintiff,

                                Case No: 1:22-cv-23184-WPD

v.

AMERICAN ZURICH INSURANCE
COMPANY,

    Defendant.
_____/

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 26, 2022 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                s/ Jason M. Chodos
                                Jason M. Chodos, Esq. (FL Bar No. 025823)
                                jchodos@zellelaw.com
                                ZELLE LLP
                                SunTrust International Center
                                One Southeast Third Avenue, Suite 1600
                                Miami, Florida 33131
                                Tel.: (786) 693-2351
                                Fax: (612) 336-9100
                                *Counsel for Defendant,*
                                *American Zurich Insurance Company*

## SERVICE LIST

### Kelly Lyles v. American Zurich Ins. Co.

### Case No. 1:22-cv-23184-WPD

### United States District Court, Southern District of Florida

Carlos L. Santi, Esq.
Property & Casualty Law Group
2307 Douglas Road, Suite 302
Miami, Fl 33145
Tel.: (305) 961-1038
*Attorneys for Plaintiff,*
*Kelly Lyles.*
Served via transmission of Notice of
Electronic Filing generated by CM/ECF